(C. D. 1085)

J. W. Hampton, Jr., & Co. et al. v. United States

United States Customs Court, Third Division

(Decided February 19, 1948)

*Tompkins & Tompkins (J. Stuart Tompkins* and *Walter Auster* of counsel) for the plaintiffs.

*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Johnson, Judge: This action arises by way of protest filed against the classification by the collector at the port of Philadelphia of several shipments of a commodity invoiced as "cod-liver oil pulp residue," "cod-liver oil pulp," and "cod-liver oil residue." The collector assessed duty thereon at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article. The plaintiffs claim that the merchandise is specially enumerated in paragraph 1780 of the Tariff Act of 1930 as either cod-liver oil cake or cod-liver oil cake meal and therefore is free of duty. Alternatively, it is further claimed that it is a waste, not specially provided for, and dutiable at 7½ per centum ad valorem under paragraph 1555, as modified by trade agreements with the United Kingdom, Canada, and Mexico (T. D.'s 49753, 49752, and 50797); or that it is a nonenumerated unmanufactured article and as such dutiable at 10 per centum ad valorem under paragraph 1558.

Four well-qualified witnesses testified on behalf of the plaintiffs. The testimony discloses the following uncontradicted facts. The commodity is the residue from the extraction of cod-liver oil from cod livers. The method or formula employed by the shipper to extract the oil is exclusively used by that concern under its own patent. It consists of mixing with the cod livers a small quantity of beet pulp, from 12 to 15 per centum by weight, and subjecting the mixture to pressure. The beet pulp in the mixture absorbs the moisture in the cod livers causing the oil to be more readily liberated from the liver tissue. Cod-liver oil is also extracted from cod livers by a steam

process. By that process the residue does not contain any substance foreign to cod livers. After the extraction of the cod-liver oil with the use of beet pulp, the residue is removed from the press in the form of a rather hard, damp cake. It is then dried in a rotary drier in which the cake retains its shape or it is subjected to heat in a suitable cabinet. When the latter method is employed, the cake is pulled apart or shredded by hand to facilitate drying and placed on wire shelves in the cabinet. After drying, the cakes may be stored for several months without molding or rotting. The material in the dried form, produced by either the steam or beet pulp method, is used as an ingredient in the manufacture of poultry feed. It was also shown that the beet content therein would not add to nor detract from such use, although the presence of beet pulp would tend to lower the protein content of the material.

It further appears from the uncontradicted evidence that a portion of the imported merchandise had commingled therewith cod-liver oil cake, the residue from extracting cod-liver oil by means of the steam method, which the shippers had purchased from other manufacturers of cod-liver oil. Regardless of whether or not the imported commodity contained percentages of beet pulp or was free therefrom, the evidence is uncontradicted that it was a cod-liver oil cake and not suitable for human consumption, and the use of same as poultry feed was identical.

The plaintiffs contend that the uncontradicted evidence fully establishes that the merchandise comes within the *eo nomine* or specific designation of cod-liver oil cake or cod-liver oil cake meal, as provided for in paragraph 1780.

The Government, on the other hand, contends that the beet pulp content in the imported merchandise makes the product something more than cod-liver oil cake or cod-liver oil cake meal. That is to say, it is cod-liver oil cake with beet pulp. And for that reason, the Government urges that the collector properly classified it as a non-enumerated manufactured article.

The pertinent portions of the Tariff Act of 1930 in question provide as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1780 (Free list) * * * cod-liver oil cake, and cod-liver oil cake meal, all the foregoing unfit for human consumption.

In the case of *Ralph Boone* v. *United States*, 19 Cust. Ct. 62, C. D. 1068, recently decided by this division of the court and not appealed, the merchandise was screenings from barley mixed and ground together with the screenings and scourings from barley malt, including barley sprouts. There also, the Government's principal contention

was that the product was something more than screenings because of the presence of the malt sprouts therein. The court held that the product was screenings and nothing else and stated it was not the intent of Congress "to draw such a fine distinction as Government counsel is attempting to do in this case."

The commodity in question, irrespective of the beet pulp content, is nothing more than cod-liver oil cake, which is unfit for human consumption. Many of the decisions cited by counsel for the plaintiffs in the well-written brief presented to the court are directly in point with respect to the rule long prevailing that an *eo nomine* statutory designation, such as presented for our consideration in this case, will include all forms of such articles as come within the statutory limitations of the designation, in the absence of proof of a contrary commercial designation, and unless a contrary legislative intent, or a contrary administrative practice, is shown. See *United States v. Procter & Gamble Mfg. Co.*, 34 C. C. P. A. 71, C. A. D. 345; *Adolphe Hurst & Co., Inc. v. United States*, 33 C. C. P. A. 96, C. A. D. 322; *United States v. Nippon Co. et al.*, 32 C. C. P. A. 164, C. A. D. 303; and *Nootka Packing Co. et al. v. United States*, 22 C. C. P. A. 464, T. D. 47464.

For the reasons stated we are of the opinion that the cod-liver oil residue from the extraction of cod-liver oil by the beet pulp process is properly entitled to free entry under the *eo nomine* provision therefor in paragraph 1780 as claimed. Judgment will therefore be entered in favor of the plaintiffs directing the collector to reliquidate the entries and make refund of all duties taken in accordance with law.